The first case in our call this morning is Agenda No. 20, Case No. 109581, People of the State of Illinois v. Ricky King. Counsel, you may proceed. Good morning, Your Honors, and may it please the Court. My name is Eldad Malamuth, here today from the Illinois Attorney General's Office on behalf of the people. The people asked this Court to reverse the judgment of the appellate court, which found void, as prohibited by statute, petitioners' fully negotiated plea agreement, and allow petitioner to keep all the benefits of the agreement, namely the dismissal of five first-degree murder charges, while at the same time relieving him of his essential obligations under the agreement, namely to accept a criminal conviction for attempt murder and to serve a 15-year prison sentence. This Court has long held that outside of due process concerns not applicable here, contract principles govern plea agreements. And the appellate court's judgment should be reversed under two of these principles. First, petitioner should be estopped from arguing that a contract, in this case a plea agreement, is void when he has accepted the benefits of that agreement. And second, assuming arguendo that the plea agreement is void and petitioner is not estopped from pressing that argument, the party should be returned to the status quo ante, meaning that the plea agreement should be voided in its entirety, the first-degree murder charges dropped pursuant to the plea agreement reinstated, and further trial or plea proceedings would go from there. Now, the plea stemmed from an incident in 2002 when petitioner, who was 15 at the time, and his friends beat and killed a man named Robert Nash. Petitioners subsequently pled guilty to attempt murder pursuant to a fully negotiated plea agreement, and the terms of that agreement were quite clear. The people would bring the attempt murder charge and dismiss the first-degree murder charges and agree to a 15-year prison sentence. The petitioner would plead guilty to the attempt murder charge and serve that 15-year sentence. The court held a plea hearing, at the end of which the plea agreement was effectuated, and both parties and the court believed that the proceedings had been terminated and sufficient to effectuate that plea agreement. Petitioner was remanded to the Department of Corrections and admonished regarding his appellate rights. But petitioner immediately began to make various filings seeking to reduce the sentence. And then for the first time on appeal from the dismissal of his post-conviction petition, he argued that the sentence was void because the trial court hearing the original plea did not have a separate hearing pursuant to a provision of the Juvenile Court Act to determine whether petitioner could be sentenced under the Unified Code of Corrections. The appellate court agreed with petitioner and ordered the trial court to vacate the criminal conviction, enter an order of delinquency, and enter an order sentencing petitioner under the Act to time served as of his 21st birthday. Now, as I mentioned briefly below, courts have long enforced plea agreements according to contract principles. This is important for two reasons. First, it recognizes that plea bargains are indeed agreements and should be treated and enforced as such. And second, it recognizes the importance of plea bargaining in the criminal justice system. It is a tool that is vital to both the people as well as criminal defendants and to the court system. And it recognizes that if defendants, if criminal defendants are allowed to extract concessions out of the people and then escape their obligations, the people will be forced to stop plea bargaining. Was the state aware that it had 10 days to file this motion? Your Honor, it does not appear that any of the parties believed that such a hearing was necessary at the time. Indeed, the hearing itself – Is there any question but that a hearing was required at the time? Your Honor, there does appear to be a statutory requirement that the hearing was required. Is that statute in mandatory language, within 10 days? Your Honor, the statute is mandatory language that there will be a hearing, yes. Once again, it seems as if the state has missed an opportunity to do something at the trial level and comes here for support. Well, Your Honor, this is the case any time a plea agreement is void because it violates a statute. Indeed, this is the very essence of a plea agreement or sentence being void as prohibited by statute. In every case that a sentence is prohibited by statute, there is a specific statute which delineates a certain course of action, a certain sentence, and the parties and the court did not abide by that statute. That directive could be to sentence a defendant between a certain amount of years, let's say between 6 and 30 years, and the defendant gets sentenced to 4 years or 3 years. But this court has not subsequently held that the court, that then when the fact that the state might have made a legal error somehow makes a difference. And with respect to the remedy when a plea agreement is found to be void. But on your estoppel argument, keeping with Justice Freeman's question, what's wrong with the rationale amathus 2005 case which indicated that the statute could not be waived because it was mandatory? I mean, if we adopt that rationale, it would seem that your estoppel argument goes by the wayside, doesn't it? Well, Your Honor, that argument confuses waiver and estoppel. These are two different principles. Waiver is the voluntary relinquishment of a known right. It might be true, as amathus interpreted the statute, that the defendant, a juvenile at the time, could not waive that right. That does not mean that some subsequent time later, after years have passed, that the equitable principle of estoppel would not apply to Petitioner. And in this case, Petitioner, the principle, the equitable principle, as opposed to the voluntarily relinquishment of a known right, the equitable principle is that a party who benefits by a contract, and indeed benefits by the part of the contract that might have violated the statute, should be estopped from later denying its validity. And here the benefits that Petitioner received from the contract, and indeed even from the lack of hearing, could hardly have been more substantial. As part of the plea, the people dropped first-degree murder charges against him. In other words, Petitioner avoided trial as an adult for first-degree murder. That is a substantial benefit indeed. And indeed, the hearing could not have provided any positive result for Petitioner. If there had been such a hearing, and they had found that the Petitioner, indeed, could not be sentenced as an adult under this particular provision, the people simply would have reinstated the murder charges, and there's an automatic transfer provision in those. So Petitioner, the only outcome of the hearing, there are two possible outcomes that would have happened. One, the plea would have gone forward exactly as written. And two, Petitioner would have been sent back and been tried for first-degree murder, or pled guilty to first-degree murder, which carries a minimum sentence of 20 years. And so there was no positive outcome of the hearing for Petitioner. And so he should be estopped from, at this point, denying. Counsel, I have no problem with your estoppel argument here, but in this situation a minor is involved, and how does that affect your analysis? And none of the cases you cited involve a minor. How does that affect your case? Well, Your Honor, first it is important to note that the minor did receive everything that is required under due process for him to agree to the provision. That is the Kent case in the United States Supreme Court. And here he was counseled. He had opportunity to look at records. He had opportunity to discuss with his family. And so there's no due process problem. The problem might be with the, oh, I'm sorry. Section C2 clearly covers the pleas with regard to minors, and it does not accept fully the negotiated pleas. And you're asking this Court to read into that, into the statute, something else. Your Honor, no. I'm sorry. I must disagree. We're not asking the Court to read anything into the statute. We're not today arguing that the provision is not mandatory. What we're arguing is the remedy, what should happen with respect to, well, there are two arguments. The estoppel principle is outside the actual statutory interpretation. The estoppel principle would hold that whatever the statute said, petitioners should now be estopped from arguing that it violated the statute because he accepted the benefits. With respect to our second argument, which is that if the plea agreement is void, the entire plea agreement should be nullified and the party should be returned to the status quo ante. That also does not ask the Court to read anything into the statute. The statute maintains that in the first instance, a juvenile defendant who is convicted or who pleads guilty to attempt first-degree murder, that if the State wishes to sentence him or her as an adult, they should request a hearing and the hearing should go forward. That's part of the statute. The question is if there's a plea agreement prior to that and the plea agreement does not account for this hearing, what should then happen if at some later point the issue becomes that the plea agreement was prohibited by statute? And the remedy that should take place is that we should go back to the point of the plea agreement. At the point of the plea agreement, there were first-degree murder charges pending against the juvenile and against Petitioner. And Petitioner would have been subject to trial in adult court. But that was dismissed. It was dismissed pursuant to the plea agreement. Exactly, Your Honor. And the question is if that plea agreement under which the charges were dismissed is void, then what should happen? And the principle is that parties should not be allowed to keep the benefits of their plea agreement. So the Petitioner should not be allowed to keep the dismissal of the charges. The State should not be held to that standard if the plea agreement is void. We should go back to the point of the plea agreement, put the parties right back to where they were. The people would be right back where they were and Petitioner would be right back where he was if the plea agreement is not enforceable. Indeed, this is a procedure that this Court has endorsed on many occasions. In the McCutcheon case, for instance, the defendant pled guilty pursuant to a negotiated plea agreement to a misdemeanor charge in exchange for the people's agreement to no pros, to go no further on a felony charge. But subsequently, the appellate court vacated the guilty plea to the misdemeanor charge for improper admonishments. Counselor, I want to follow up on Justice Burke's question, I think, or clarify in my mind. We have a minor here who is disabled from entering into contracts in the traditional sense of the word. Does that factor into our analysis as to whether or not contract principles should apply or estoppel principles should apply here, the fact that this minor could not enter into a contract? Well, Your Honor, I'm aware of no case which holds that a minor cannot enter into a plea agreement. And so once we go that far, it seems clear that the rules regarding plea agreements should be, should hold. And again, this case would not be, the issue here is not that the minor was somehow unaware of his rights and this caused a result that he would otherwise have avoided. If that were the case, we might have a due process issue, and we might have a due process issue that particularly involved minors. But in this case, that is simply not the case. And second, your supposition, Your Honor, is that the minor could not have entered into the contract. Well, if that's the case, then, again, that the parties should be returned to the point prior to where the contract was entered into. The state is not asking, the people are not asking to maintain any benefit of the contract, assuming that the plea agreement is void. The remedy would just be simply to go back to the point before the plea agreement. And I'm aware of no case which holds that that principle, which has been widely applied, is anyhow made different because the one, the criminal defendant is a minor. It's pretty clear here that the state dropped the ball. Well, Your Honor, the proceedings in this case, the way the state. Notwithstanding the fact that there was a plea agreement, the state still has a duty to get this into the criminal code, is that correct? Your Honor, the statute, it's correct that the statute appears to call for that. And we have not argued that issue today. That issue is not before this Court. We are not opposing that reading of the statute. The way the agreement is, the way the statute is set up does not inherently conform to generally how plea agreements work. I mean, the way it would have to work, one would think, is that pursuant to the plea agreement, so the parties would agree to dismiss the charges and to have a hearing, at which point part of the plea agreement would be that they would request a hearing to determine whether the juvenile could be sentenced as such. At that hearing, neither party, both parties would be in agreement. Both parties would say, yes, the juvenile could be sentenced under the Unified Code of Corrections because the criminal defendant, juvenile, would want to go forward with the plea agreement. And so, although there would be a hearing required. Would the trial judge be bound by the agreement if the parties so stipulated at the hearing to determine whether he should be sentenced as an adult? No, Your Honor, I don't believe that the trial court would be bound. And indeed, so the trial court could find that despite the argument of both sides despite the facts presented by both sides, he or she might not believe that the statute called for sentencing under Unified Code of Corrections. But at that point, what would happen? The plea agreement would be undone. And the parties would be back to the status quo ante. The charges, in this case, the murder charges would be reinstated because they would only be dismissed pursuant to the plea agreement, at which point the plea agreement was, at the point the plea agreement was effectuated. And so the parties, none of the parties would stand to benefit by the plea agreement. So in this case, while Your Honor might be right that the state, that the people dropped the ball. In other words, the people should have asked for a hearing. Neither side would have particularly benefited from a hearing. And if anything, it created a benefit to Petitioner because the only result of such a hearing would have been bad for him. He could only have lost if he had gone to the hearing. Either it would have been the status quo, or he would have, and the plea would have been gone forward on and effectuated. Or he would have had murder charges against him to a crime that he had confessed he had committed. And again, generally, it's a general principle, which has been enforced multiple times by this Court and other courts, that whenever you have a plea agreement, and that plea agreement is later found to be void, the parties are returned to the status quo ante. That's been this Court's position in the McCutcheon case, in the Mulcahy case, and the U.S. Supreme Court's position in the Ricketts v. Adamson case. But none of those are involving a minor, are they? Your Honor, no, I don't believe any of those involve a minor. But again, Your Honor, I know of no case which holds that the rule would be different pursuant to a minor. And in this case, the statute and due process provides all the protection necessary for a minor. Again, the minor in this case had all the requirements under due process for a minor in his position. He had counsel. He talked to his parents. He had everything that was required under due process. And the remedy of voiding the plea agreement and returning the parties to the status quo ante would in no way negatively impact the juvenile's position at that time. It would simply place him in the position he was. And so the relevance of him being a minor, Your Honor, I don't think changes the outcome of this case. Excuse me. The statute states that unless the state requests a hearing for the purpose of sentencing the minor under Chapter 5 of the Unified Code of Corrections, this court must proceed under 705, 5705, or 5710 of this article. How does that affect your remedy argument? Your Honor, I don't believe it does affect the remedy argument. As I mentioned before, in every void case, in any case where a plea agreement is prohibited by statute, there is a specific statute and generally a specific result. For instance, a party who pleads guilty to a Class X felony, the statute says that criminal defendant shall be sentenced to a determinate term of six to 30 years. And indeed, when this court analyzes whether a plea agreement or a sentence is void, one of the things it looks at is one of the primary things it looks at is whether the procedural requirement, which Your Honor read in that case, is mandatory or directory. And the way it determines whether, one of the prime ways it determines whether it's mandatory is whether there's a specific result from the lack of following the procedure outlined in the statute. So the fact that there is a specific result, a specific result in the statute, only leads to the conclusion that it might be void. That's inherent in the question of whether it's void. That does not come back later to make a second conclusion that then we have to go back to that point and follow the hearing. And indeed, in that case, that's the case for, like I said, for all statutes where the sentence is prohibited by statute. The court does not go back and say, well, the statute says you must be subjected to, you must have a criminal conviction between six and 30 years. So we're giving you X years. The court says, no, if the plea agreement is void because it didn't follow the statute, then we undo the plea. We undo the agreement. And we undo all the consequences as long as an essential element of the plea must be negated. So unless there are further questions from the court, we, for the reasons I discussed as well as those in our brief, we ask that the court reverse the judgment of the appellate court. Thank you. You may proceed, counsel. Excuse me. May it please the court. Counselors, my name is Mike Bonneman. I'm with the Office of State Appellate Defender. I represent Ricky King. Now, this case is about the Juvenile Court Act. Mr. King was 15 years old at this time. The Juvenile Court Act treats juveniles different than it treats adults. There's a reason for that. The statute was set up to protect juveniles and treat them differently because they're juveniles. This man was not an adult at this time. The Juvenile Court Act is very specific. The state can use the automatic transfer provisions, but if after a plea or a sentence, it's not one of those crimes, it's very specific what happens next. Very specific. The plea is not invalidated. The state then has the right to request a hearing within 10 days to have him sentenced in adult court. If he does not do that, the court must, must proceed in the juvenile court. Period. Arguably, what are we even doing here? There's a very specific statute on this point. I don't know what could be more clear. Every appellate court that has examined this statute has ruled that the state has to follow the statute. They dropped the ball. There's no doubt about it. The statute is clear. This is the Juvenile Court Act. We deal with juveniles differently than we deal with adults. There's all kinds of reasons for that. It's pretty clear here, though, the juvenile got the benefit of the bargain and will benefit by the fact that the motion wasn't filed. Wouldn't an appropriate remedy here be simply to vacate the guilty plea because the negotiated plea was entered into apparently with everyone thinking they could simply do that without requiring the motion to have this separate for hearing and sentencing under the criminal code, similar to People v. Wade? Well, I would say no because we have a statute that says what happens when this doesn't, when this occurs. And the second point is why is the 15-year-old juvenile at fault here? I mean, there's nothing wrong with the plea agreement that he made. He agreed to plead guilty to attempt murder, be sentenced to 15 years in prison. For all we know, the state made this deal because he testified against one of his co-defendants. In the statement of facts, it says he testified in a related case. Perhaps that's the reason why the state went with attempt murder. The only reason that this plea is invalid is because the state didn't follow the statute. Not this 15-year-old juvenile. This 15-year-old juvenile, as you pointed out earlier, can't even enter into a contract. He can't drive a car. And he's supposed to be the one to look at the statute and say, oh, wait a minute. And that's another point. He was entitled to a hearing. Why is this different than People v. Wade where there was a negotiated plea granting probation and probation was not an option under the statute? So it was, the plea was set aside. Because in this, Your Honor, I'm sorry, but in this case, there wasn't anything wrong with the plea. The plea was valid. The plea agreement is totally valid. Unlike that case. The plea agreement in Wade was valid except that probation was not an option. Here, 15 years was not an option the way the plea agreement was presented. But, Your Honor, I beg to differ. It was an option. All the state had to do was request the hearing. Now, the judge could have ruled that, well, no, we're going to keep him in juvenile court. But the judge could have, and according to the state, it was almost a slam dunk with a rule that, no, he's going to adult court. There's nothing wrong with this plea agreement. Unlike that case where the person could not get probation. It's totally different. All these cases cited by the state, there aren't any cases, A, that talk about juvenile or, B, talk about the reason the plea is invalid because the state did something wrong. So there is no aspect of a mutual mistake of fact here? I don't see how you can say a 15-year-old minor is held to the same standard as the state when you have a statute that says the state must do something. Counsel, on that issue, on that issue only, he was represented by counsel, wasn't he? He was, Your Honor. And it wasn't the 15-year-old that the court was dealing with. It was the experienced lawyer that he was dealing with. Well, in theory, that's correct, Your Honor. But, again, this is a juvenile court act and we treat juveniles differently. You know, the state keeps hammering away at this agreement that Mr. King made. And he did everything he was supposed to do under the agreement. The only reason this comes up seven or eight years later is he files a post-conviction petition that had nothing to do with this agreement. You know, he'd still be, this never would have come to light, ever. You know, is it fair to this minor, if we're going to talk about equities, is it fair to him that no one told him he had a right to have a judge determine whether he should go to juvenile court or not? Under the equities, is that fair? I don't see how that could possibly be fair. Keeping with Chief Justice Fitzgerald's question, though, does it further support an estoppel argument that there's an attorney involved that can lay in the weeds if the state does make a mistake, as they did here, and then have either the benefit of the plea agreement or, in this case, the automatic going back to the juvenile situation? Well, Your Honor, if you want to talk about laying in the weeds, you could just as easily make the argument that the state laid in the weeds because they were worried about a judge perhaps giving this guy juvenile sentencing, and they knew perfectly well about this statute. And that was the point you were about to make. You said he's entitled to a hearing where there's a protection of his, that the juvenile was entitled to a hearing. Correct. And I think you were starting to make the point that you're making now in response to this question, that it's a further protection as to the plea, right? It's further protection for the juvenile that he did not receive. I mean, perhaps it's hard for me to imagine a defense attorney doing this deliberately. I mean, Mr. King went off to adult prison, and he had a chance for his client to perhaps go to juvenile detention until he was 21. Well, following up on that, obviously the plea agreement was for 15 years. It wasn't for juvenile adjudication, which would end at his age 21. So there would not have been a plea agreement, and then the client here, the juvenile, would have been still facing murder charges. Well, and I totally disagree with that. If he pleads guilty to attempt murder, and then they have a hearing to determine whether he goes to juvenile court or adult court, and he goes to juvenile court, I don't see how the state can reinstate murder charges. Even if the plea agreement contemplates a 15-year sentence and going through the proceedings, the proper proceedings, you believe the state is bound by the plea without the 15 years at that point. If it turns out that the state requests a hearing and he goes to juvenile court, I don't see how the state can reinstate murder charges. I just don't see how they could do that. Well, it would be the point of the statute. In other words, saying, well, then the state gets to do over again. We didn't get the result we wanted, so now we're going into murder. The idea of the statute is to protect juveniles. Now, granted, if he was an adult, that's different. If the trial judge refused to allow sentencing under the criminal code, isn't that rejecting the plea agreement, which is 15 years? Well, can't a judge do that in any plea agreement, Your Honor? Yes, and if it's rejected, then you're back to square one, are you not? Well, the terms may have been rejected, but the plea agreement by this minor was to plead guilty to attempt murder, and he did. Our duty was to testify against one of his co-defendants, which he did. You know, you can only do it, the state and the defense can only do a plea agreement to the point that we say this is what we want, this is what we'll plead guilty to, this is what the sentence will be, but it's up to the judge to determine that. All a plea agreement does is say, okay, this is what we want to do. But, again, if the plea agreement is rejected, are you saying that the defendant in a criminal case has still pled guilty even though the plea agreement is rejected? Will that work against the defendants also in the future? An adult defendant, but we have the juvenile court here. This is a juvenile case that has a specific act that deals with juveniles, and it has a specific act that deals with this exact situation. My question is, if the trial judge did, was presented with the question of whether or not to have this juvenile sentenced as an adult and said, no, he's not going to be sentenced as an adult, it goes to juvenile court, it's your position that the plea agreement is still valid except he can't get what the agreement called for? I think the plea is still valid. I think the state cannot bend charging with murder is the point I'm trying to make. Counsel, as I understand, were you done, Justice Garland? As I understand it, this young man was charged with five counts of first-degree murder. Is that right? Yes, Your Honor. And if that had proceeded, he would have no rights under the Juvenile Court Act? He was directly charged in adult court? Under automatic transfer, he's automatically in adult court. That's correct. And so if he had pled to any form of murder, he would not be entitled to this hearing under the Juvenile Court Act? That's correct, and it happens all the time. Well, was that a benefit that the minor had because they gave him a break on the, for some reason or other, his youth, maybe his testimony? We don't know. We don't. I don't think we know. But is that a break he got? Well, we don't know if it was a break or maybe the state didn't have the evidence to convict him of murder. I mean, very rarely does the state's attorney drop a murder to attempt murder, in my experience. There must have been some reason for it. It had nothing to do with down the line. It had everything to do with, I would think, because he testified against somebody else. I mean, if he was an adult and he was charged with murder and the state came back with an attempt at murder, I suppose that's a break. But you could also argue maybe they overcharged in the first place. Counsel, while there may be things that you can point to and speculate on what happened, and the fact of the matter is, for the purpose of this hearing, somebody charged with three first-degree murders was permitted to plead guilty for 15 years in the penitentiary. That certainly, and it may not affect your argument at all, but that certainly was of benefit to the defendant. I suppose, Your Honor, but if you don't— He was in a position that was a beneficial position for a person charged with three murders. If somebody's charged with armed robbery and it turns out all he did was a burglary and he pleads guilty to burglary, did he get a benefit? I'm sorry, I don't mean to—I mean, I understand your argument, but it's hard for me to imagine that this defendant wasn't at peril. And my thought is, and it's just a thought, what effect is this going to have on the proceedings in juvenile court if we rule this way to the state's willingness to engage in plea bargaining which is beneficial to the defendants? Well, Your Honor, I think if you rule this way, then the state will start following the statute. And they'll start requesting hearings when they're supposed to request hearings. I mean, that's what we want to happen, isn't it? Is the state to follow the statute like everybody else has to do? It's a perfectly valid argument. I'm just pointing at another facet of it, that's all. Well— You have to—I mean, you do have to admit he was in a pretty good position for where he started. Well, I suppose, but again, you know, I don't know that the state didn't overcharge him in the first place. We don't know that. And it's always a possibility. That's correct, Your Honor. I mean, any plea negotiations, we don't necessarily know— we certainly don't on appeal what happened in a plea negotiation because that's between the lawyers or whatever. But I suppose that's true. But what's the difference between this and an adult is there's a specific juvenile court act to deal with juveniles and arguably to deal with them more leniently because they're juveniles. You know, the statute says the judge should step in. You just don't say we go to murder, we drop it to attempt murder. You get 15 years, case closed. The judge has an interest in this case. And the statute has said the judge has an interest. And the state totally took that out of the equation. And now they come back and say, well, the equities are in our favor when they don't follow the law like everyone else has to do. There is a danger here, though, for the juvenile, right? I mean, if we agree with the alternative argument of opposing counsel, that it goes back to the time of the plea. Yes, there's no doubt, Your Honor. He's facing murder. We chatted about that a couple years ago when I had this case. That's true. You just think looking at the statute, though, it's clear it goes back to the juvenile situation. The statute says that. If this court doesn't follow that, then this court doesn't do that. That's what the statute says. How did you address his argument on you can't use it twice once it's declared? You heard his argument. When I asked him the question on specifically the statute pointing to 705 and 710, did you hear opposing counsel? I understand your question. I totally agreed with it. I mean, it's governed by the Juvenile Court Act. They have to go to juvenile court. How do you address his answer to that? I didn't think he did answer it, to be honest with you. He said something about the collateral estoppel is not fair to the state. But it is fair to the state because the state was the one that messed up. They dropped the ball. Unless I'm missing something, I thought that's what the state argued. The only way that we win, we being the state, is under equity principles. Because we can't win on following the statute because we didn't follow the statute. What could be more important than the Juvenile Court Act, dealing with juveniles? Well, unless there's any other questions, that's all I have. Thank you. Thank you, counsel. Are equity considerations all the state has at this point? No, Your Honor. We have the – both our arguments are still intact, and I believe both are valid reasons to reverse the judgment of the appellate court. Now, first of all, the petition in this case keeps talking about protecting juveniles, but if the rule is as he describes, juveniles will not be protected. This particular juvenile will get off easier than he already did. As noted by the court, he got a substantial benefit in this case. By the time of the plea, he had already confessed to a police officer that he was a participant in the murder, and he had testified in open court that he had participated in committing this murder. So there's no question that he received an incredible benefit in this case. Now, if this court were to hold that juveniles are not subject to all rules regarding plea agreements, then it is true that this particular juvenile who committed the murder will get off easier than he otherwise would have. It is not true that juveniles would be protected.  Juveniles are not subject to any rule with respect to plea agreements. If they plea and then the plea is subsequently undone for whatever reason, they get every benefit under the plea. That could be the only possible way that the parties in this case would not be returned to their status quo ante. That would have to be the rule, that because a juvenile is a juvenile, he or she is not subject to any rules regarding plea agreements. And what will happen in that case? There will simply be no plea agreements with respect to juveniles. Why would the people agree to any plea agreement with a juvenile when the only possible result is that the juvenile will then seek every possible way to undo the plea, and if anything comes up, the plea will be undone with respect to the obligations of the juvenile, but he or she will maintain every single benefit he received under the statute, under the plea. You heard my last question of opposing counsel, and I'm still a little foggy on your response as well as to how the statute points to 705 and 710. And you gave, I remember you gave some example of how you can't use it twice if you're going to declare it void. Could you go into that again? Sure, Your Honor. I will try to be less foggy, and please let me know if I'm not. Maybe I was foggy. Okay. Any time an agreement is void because it is prohibited by statute, there is a specific statute dealing with the situation. So, for instance, in this case, as Petitioner keeps discussing, there's a specific act that deals with juveniles, and it deals with the juvenile proceedings that should happen. But in other situations, there are specific provisions dealing with a specific subset of people. So, for instance, a statute might say anyone who has been convicted of a felony is not eligible for probation if subsequently found guilty of a felony. So there's a very specific description of what happens. If any person who is a felon, a convicted felon, then is subsequently found guilty of a charge, the court cannot have probation be the sentence. So there's a very specific rule. And it says the court must sentence the defendant to a period of imprisonment. Now, again, there's a very specific situation, and there's a specific statute, and the statute makes clear what should happen. And that's the question about whether the sentence is void or not. The question then is not, that does not answer the question of then what should happen if the plea is void, because the plea can only essentially be void if the statute has a very specific situation and a specific result that was not followed. So when that happens, the plea becomes void, the sentence is void, and then the whole new question is, well, what should happen? In the case of a plea agreement, the answer is clear. What should happen is the parties should be returned to the status quo ante. The parties should be returned to the point they were before the plea agreement. And if charges were dismissed pursuant to the plea agreement, then those charges should be reinstated. I hope, Your Honor, that was a better answer. If not, please let me know. It was probably the same answer. It's a little clearer to me, though. Okay. Well, and again, It doesn't change the fact that the statute we're dealing with in a juvenile court would require that the defendant be given the relief that's provided for him in the statute. I'm sorry. Could you repeat the question, Your Honor? That if we follow the statute here that we've been talking about, the defendant would not be able to treat the defendant as the statute requires. No, Your Honor. I don't believe that's right. There would be no, this, if the court were to return the parties to the status quo ante, there would be, it would not be the case that the petitioner would be Returned to the status quo. The status quo before the plea. Satisfies the demands of the statute. Well, Your Honor, it would return the parties to the point before the plea. In other words, the statute requires that if a juvenile is, pleads guilty, and then is to be sentenced under the Unified Code of Corrections, that there has to be this hearing. But if Your Honor, and if in this court were to return the parties to the status quo before the plea. So it's a timing issue. Exactly. It would return the parties to the point in time before the plea. So the petitioner would not be bound by the plea. If he wants to plead not guilty to any charges, he would be free to, and he would not be sentenced under the Unified Code of Corrections, unless he was found guilty of first-degree murder. Or if he were found guilty of attempt murder. Would the state in that case be limited to the 15-year sentence? Your Honor, I don't believe so. I mean, the petitioner would have certain rights, perhaps, under the North Carolina v. Pierce line of cases, which might limit his possible sentence. But in this case, I don't believe, Your Honor, that any would apply. And that's certainly a subject that could be dealt with on remand. How would the state return the benefits that it has received from the plea agreement, the defendants testifying in another case against an acquaintance? First of all, Your Honor, it was not pursuant to the plea agreement that the petitioner had testified. The petitioner had already testified in court prior to the plea agreement. One of the other murderers pled guilty. There was no testimony required. One of the other murderers went to trial. Petitioner testified. Again, this was before the plea, not pursuant to the plea agreement. It might be the case that because petitioner had done this, the people decided to show particular leniency in this case. But that was not a benefit of the plea. And indeed, Your Honor, the state is not asking to escape any of the benefits of the plea, in that if petitioner is to be held to the plea, the state would have been fine going forward under the plea agreement. But the only other solution is either we maintain the plea agreement as is, or we go back in time to the points before the plea. Let me ask you a hypothetical question. If this person had gone to a jury trial on first-degree murder, and the jury returned a finding of guilty of attempt, as the lesser included, would your analysis of this be the same? No, Your Honor. The analysis would be different. Why? Because there would be no plea agreement, which would have been. . . It is true under the statute that if the petitioner had been charged with attempt murder and first-degree murder, the jury verdict comes back not guilty on the murder, guilty on attempt murder, and then there's no hearing, then the act would apply it as set forward. But in this case, we have a plea agreement, and that changes the entire calculus. But you could consistently maintain you should go back to the status quo ante, which would, in my opinion, mean that if that's the case, then you would go back to the time in my hypothetical, and you would be setting aside the jury's verdict and try them again. But you're saying it's a different result. So maybe that's not what you mean about the status quo ante. Your Honor, I'm out of time, but if I could just answer your question. You may answer the judge's question. Thank you. The returning to the status quo ante has to do with the timing of the plea. If there is a conviction, a jury trial, there's simply no issue of returning to the status quo ante because it's a matter of returning to the time of the plea. In your hypothetical, the state might have, the people might have made an oversight in not going forward on this hearing, or indeed the people and the court, and theoretically the defendant who did not raise this at the time. And so you would not be returning. There's no issue of returning to any plea agreement and the dismissal of the charges. And this is the case in all cases, the difference between pleas and jury findings generally or in bench trials. The whole issue of what to do when a plea agreement is void is the issue in this case. In any of the other cases, for instance, in the McCutcheon case, there the defendant pled guilty to a misdemeanor charge in exchange for the dismissal of the felony charge. But this court said when the plea was undone, this court said, well, we have to go back to the point of the plea and we can reinstate the charges. If it had been a jury trial and the jury had found the defendant not guilty of the felony charge, there would have been no issue because there would have been a jury finding. In this case, there was no jury finding with respect to innocence or being not guilty as to the attempted murder charge. And again, in this case, the state was not worried about the matter going to juvenile court. If the court, if the state, if that had been the concern, they simply would have maintained the, not dismissed the first degree murder charges. So for those reasons, unless there are any other questions from the courts, we ask the court reverse the judgment of the appellate court. Thank you. Thank you. Case number 109581 will be taken.